EXHIBIT A

Notice To Defend

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

Case# 2019-00930-2 Docketed at Montgomery County Prothonotary on 02/13/2019 11:36 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the United Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

JOHN PAUL THIESSEN

vs.

TRANSUNION RENTAL SCREENING SOLUTIONS INC

NO.  2019-00930

## NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY  BAR ASSOCATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19404-0268

(610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

Case# 2019-00930-2 Docketed at Montgomery County Prothonotary on 02/13/2019 11:36 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the United Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

| | | |
|---|---|---|
| John Paul Thiessen | : | |
| c/o Vicki Piontek, Esquire | : | |
| 951 Allentown Road | : | |
| Lansdale, PA 19446 | : | 2019-00930 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| TransUnion Rental Screening Solutions, Inc. | : | |
| 6430 South Fiddlers Green Circle, Suite 500 | : | Jury Trial Demanded |
| Greenwood Village, CO 80111 | : | |
| Defendant | : | |

**NOTICE TO DEFEND**

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice to you for any money claimed in the Complaint or for any other claim or relief requested by Plaintiff(s). You may lose money or property or other rights important to you.

IF YOU CANNOT AFFORD AN LAWYER, YOU MAY BE ELIGIBLE FOR LEGAL AID THROUGH ONE OF THE FOLLOWING.

LAWYER REFERENCE SERVICE
MONTGOMERY COUNTY BAR ASSOCATION
100 West Airy Street (REAR), NORRISTOWN, PA 19401
(610) 279-9660, EXTENSION 201

Montgomery County Legal Aid Services
625 Swede Street, Norristown, PA 19401
610-275-5400

# EXHIBIT B


# Complaint

Case# 2019-00930-2 Docketed at Montgomery County Prothonotary on 02/13/2019 11:56 AM, Fee = 50.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the United Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

John Paul Thiessen            :
c/o Vicki Piontek, Esquire    :
951 Allentown Road            :
Lansdale, PA  19446           :      2019-00930
                   Plaintiff  :
v.                            :
TransUnion Rental Screening Solutions, Inc.  :
6430 South Fiddlers Green Circle, Suite 500  :      Jury Trial Demanded
Greenwood Village, CO 80111   :
                   Defendant  :

## **COMPLAINT**

1.  This is a lawsuit for damages brought by an individual consumer for Defendant(s') alleged violations of the Fair Credit Reporting Act (FCRA), and the Fair and Accurate Credit Transaction Act (FACTA), 15 U.S.C. 1681, et seq.

2.  Plaintiff is John Paul Thiessen, an adult individual with a mailing address for purposes of this case of c/o Vicki Piontek, Esquire, 951 Allentown Road, Lansdale, PA  19446.

3.  Defendant is TransUnion Rental Screening Solutions, Inc., with a business address including but not limited to 6430 South Fiddlers Green Circle, Suite 500, Greenwood Village, CO 80111.

**COUNT ONE: Violation of the Fair Credit Reporting Act and the Fair and Accurate
Credit Transactions Act, 15 USC 1681 et. seq.
Failure to Redact First Five Digits of Plaintiff's Social Security Number**

4. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

5. At all times mentioned herein Plaintiff was a consumer as defined by 15 USC 1681.

6. At all times mentioned herein Plaintiff was a person as defined by 15 USC 1681a (c).

7. At all times mentioned herein Plaintiff was an individual as defined by 15 USC 1681a (c).

8. At all times mentioned in this Complaint, Defendant(s) maintained a "file" on Plaintiff as defined by 15 USC 1681(a)(d) et. seq.

9. At all times mentioned in this Complaint, Defendant(s) was acting as a "consumer Reporting Agency" (CRA) as defined by 15 USC 1681a(f) as follows.

Case# 2019-00530-2 Docketed at Montgomery County Prothonotary on 02/13/2019 11:06 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified
Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

10. Prior to the commencement of this action Plaintiff contacted Defendant(s) in writing and requested a copy of the information contained in Plaintiff's consumer file which was maintained by Defendant(s).  Plaintiff requested Plaintiff's file disclosure from Defendant, Plaintiff requested in writing that Defendant(s) redact the first five digits of Plaintiff's consumer disclosure.  See attached exhibits.

11. Pursuant to 15 USC 1681g (a)(1)(A), Defendant(s) was / were required to redact the first five digits of Plaintiff' Social Security number on Plaintiff's disclosure because Plaintiff specifically requested Defendant(s) to do so at the time that Plaintiff requested the consumer report from Defendant(s).

12. Defendant was required to redact Plaintiff's Social Security number on the disclosure even though the consumer report was given directly to the consumer, and not intended to be accessed by any third party.

13. Said redaction requirement was part of the Fair and Accurate Credit Transaction Act (FACTA) of 2003.

14. The legislative purpose of such redaction requirement was to protect the consumer's privacy and Social Security Number from third parties and / or dumpster divers who might view the consumer's Social Security Number information on the consumer report.

15. Such legislative purpose is also exemplified in 15 USC 1681c(g), which was also part of the FACTA of 2003. 15 USC 1681c (g) requires merchants to redact all but the last 5 digits of a consumers' bank or credit card number on a receipt at the point of sale. Even the expiration date must be redacted. This is true even when such receipt is given directly to the consumer, and not intended to be accessed by any third party.

16. The purpose of 15 USC 1681c (g) was to protect consumers from unintended persons who may view or "dumpster dive" for the consumers' credit card or bank transaction receipts.

17. 15 USC 1681c (g) and 15 USC 1681g (a)(1)(A) have similar purposes in their redaction requirements to protect consumers' personal information from third parties who may view or obtain such consumers' personal account or Social Security information.

Case# 2019-00530-2 Docketed at Montgomery County Prothonotary on 02/13/2019 11:36 AM. Fee = $0.00. The Her certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

18. Defendant sent Plaintiff consumer disclosures that did not have the first five digits of Plaintiff's Social Security number redacted. Plaintiff's full Social Security number was conspicuously printed by Defendant on Plaintiff's consumer disclosure on or about the following dates.

19. Defendant(s) breached its duty to Plaintiff under 15 USC 1681g (a)(1)(A) by failing to redact the first five digits of Plaintiff's Social Security Number on Plaintiff's consumer disclosure after having been specifically requested in writing by Plaintiff to do so.

## LIABILITY

20. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

21. It is believed and averred that the acts committed by Defendant(s'), were willful, wanton, and intentional.

22. Defendant is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant(s).

23. In the alternative, Defendant is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

24. Any mistake made by Defendant would have included a mistake of law.

25. Any mistake made by Defendant would not have been a reasonable or bona fide mistake.

Case# 2019-00562-2 Docketed at Montgomery County Prothonotary on 02/13/2019 11:36 AM, Fee = $0.00 . The filer certifies that this filing complies with the provisions of the Public Access Policy of the United Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## JURISDICTION

26. The previous paragraphs of this Complaint are incorporated by reference and made a part
    of this Complaint.

27. The previous paragraphs of this Complaint are incorporated by reference.

28. Defendant may be personally served in this jurisdiction because Defendant regularly
    conducts business in this jurisdiction, and avails itself of the market forces in this
    jurisdiction.

29. A Federal Court has Federal question jurisdiction pursuant to 28 USC 1331, 15 USC
    1692, et. seq. and 15 USC 1681 et. seq.

30. A plaintiff invoking federal jurisdiction under Article III of the U.S. Constitution bears
    the burden of showing a "concrete injury" or a "concrete harm"  See Spokeo v. Robbins
    U.S. Supreme Court Opinion of the Honorable Justice Samuel Alito, 13-1119 (2016),
    quoting Lujan v. Defenders of Wildlife, 504 U. S. 555 (1992).

31. In order to demonstrate a "concrete harm" plaintiff must show that he or she suffered "an
    invasion of a legally protected interest."

32. A "concrete" injury need not be a measurable or "tangible" injury. Although tangible injuries are perhaps easier to recognize, intangible injuries can nevertheless be concrete. See Spokeo v. Robbins U.S. Supreme Court opinion of the Honorable Justice Samuel Alito, 13-1119 (2016), and quoting Pleasant Grove City v. Summum, 555 U. S. 460 (2009). Also see Spokeo v. Robbins U.S. Supreme Court concurring Opinion of the Honorable Justice Clarence Thomas, 13-1119 (2016).

33. To determine if an injury is "concrete," the judgment of Congress is not dispositive, but is instructive. Congress is well positioned to identify intangible harms that meet minimum Article III requirements. The violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. See Spokeo v. Robbins U.S. Supreme Court opinions of the Honorable Justice Samuel Alito and the Honorable Clarence Thomas, 13-1119 (2016).

34. Congress can create new private causes of action to vindicate private or public rights, and can authorize private plaintiffs to sue based simply on the violation of those private rights. A Plaintiff seeking to vindicate a statutorily created private right need not allege actual harm beyond the invasion of that private right; see Spokeo v. Robbins, 13-1119 (2016), Opinion of the Honorable Justice Clarence Thomas quoting Warth v. Seldin, 422 U. S. 490, 500 (1975) and also quoting Havens Realty Corp. v. Coleman, 455 U. S. 363, 373–374 (1982).

35. Congress envisioned the need to provide consumers the tools to research, guard and assist in maintaining their personal data gathered and distributed by consumer reporting agencies such as Defendant(s) in this case.  One of those tools is the ability to safeguard one's personal identity by instructing a consumer reporting agency to redact  the first five digits of the consumers Social Security number on the consumer report, pursuant to 15 USC 1681g et. seq.

36. Even the risk of a harm, not yet manifested can be a "concrete harm."  See Spokeo v. Robbins U.S. Supreme Court opinion of the Honorable Justice Samuel Alito, 13-1119 (2016).  Plaintiff's risk of having her Social Security number compromised is a "concrete harm" as referred to in the Spokeo decision.

37. Plaintiff suffered an actual concrete injury when Defendant repeatedly and willfully refused to redact the first five digits of Plaintiff's Social Security number on Plaintiff's consumer disclosure.

38. Plaintiff regularly and continuously monitors the information in his consumer file maintained by Defendant because Plaintiff believes that it is wise for Plaintiff to do so as a consumer.

Case 2019-03930-7 Docketed at Montgomery County Prothonotary on 02/13/2019 11:36 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

39. Plaintiff suffered an actual concrete injury when Defendant willfully refused to redact the first five digits of Plaintiff's Social Security number on Plaintiff's consumer disclosure. Plaintiff's concrete injury includes but is not limited to the following.

    a.    The harm that Plaintiff suffered is because Plaintiff must now live in anticipation and apprehension that each time Plaintiff requests Plaintiff consumer disclosure from Defendant, Plaintiff's Social Security number will not be redacted.

    b.    Plaintiff lives with such harmful apprehension and anticipation that Defendant will unlawfully about Plaintiff's Social Security number being unlawfully printed because it is a well known fact that Defendant has repeatedly refused to redact the Social Security number of other consumers, totaling at least over half a dozen.

    c.    Plaintiff no longer has the freedom to request Plaintiff's consumer disclosure from Defendant without worrying whether Defendant will or will not unlawfully print Plaintiff's full Social Security number on the disclosure.

    d.    Plaintiff has suffered a concrete injury or harm because Plaintiff no longer has the freedom to request Plaintiff's consumer disclosure from Defendant without worrying dumpster divers accessing the disclosure.

    e.    Plaintiff has suffered a concrete injury or harm because Plaintiff no longer has the freedom to request Plaintiff's consumer disclosure from Defendant without worrying unauthorized third parties accessing the disclosure.

40. Plaintiff reasonably believes and avers that Plaintiff will be continually subject to Defendant's unlawful business practices of failing and refusing to properly redact Plaintiff's Social Security number on Plaintiff's consumer disclosure every time Plaintiff obtains Plaintiff's disclosure. Such reasonable belief is based on other past instances not mentioned above in this lawsuit where Plaintiff's full Social Security number was illegally printed on Plaintiff's consumer disclosure.

41. The willfulness of Defendant's violation of the redaction requirement of 15 USC 1681g is exemplified by the fact that Defendant has repeatedly committed similar violations to other consumers, over 19 in the last two years. Similarly situated consumers requested their disclosures and Defendant refused to redact the consumer disclosures of such similarly situated consumers totaling over 19 in the last two years.

42. Plaintiff should not be forced to choose between protecting Plaintiff's identity and obtaining his consumer disclosure.

43. Plaintiff has suffered a concrete harm by Defendant's willfully an repeated unlawful business practice of refusing to properly redact Plaintiff's consumer disclosure.

44. A key factor that the Court should apply in determining Defendant's actions to be a "concrete harm" should be the willful nature of Defendant's conduct and Defendant's blatant and flagrant refusal to give Plaintiff a copy of Plaintiff's consumer file.

45. Defendant's flagrant flaunting of the law of both 15 USC 1681g was willful and dangerous thus manifesting a "concrete harm" to not only the Plaintiff but other consumers deprived of statutory conferred rights, including the right to receive one's consumer file, the right to dispute information therein and the right to know what rights the consumer had under the FCRA.

Case# 2019-00930-2 Docketed at Montgomery County Prothonotary on 02/13/2019 11:35 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

46. Defendant's flaunting of the law puts Plaintiff at a continued a repeated risk of identity theft by printing Plaintiff's entire Social Security number on Plaintiff's consumer disclosure which could be mis-delivered, intercepted or seen by unauthorized third parties.

47. No rational interpretation of Article 3 of the U.S. Constitution or the aforementioned Spokeo Decision. would allow for a CRA to withhold pertinent information required under 15 USC 1681a from a consumer, and then simply claim that there was no standing under Article 3.

Case# 2019-00934-2 Docketed at Montgomery County Prothonotary on 02/13/2019 11:36 AM, Fee = 30.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**VENUE**

48. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

49. The previous paragraphs of this Complaint are incorporated by reference.

50. Venue may be proper in this District pursuant to 28 USC 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this jurisdiction.

   a.   Defendant was obligated to mail Plaintiff's disclosure to Plaintiff's mailing address in this jurisdiction pursuant to 15 USC 1681g et seq., and because Defendant did not do so, a substantial portion of Defendant's omissions occurred in this jurisdiction.

   b.   Plaintiff mailed Plaintiff's requests Plaintiff's consumer disclosures from this jurisdiction, thus incurring costs and effort in this jurisdiction. Therefore a substantial portion of the events or omissions leading up to this cause of action occurred in this jurisdiction.

   c.   A substantial amount of the information contained in Plaintiff's consumer file pertained to this jurisdiction. Therefore a substantial portion of the events or omissions leading up to this cause of action occurred in this jurisdiction.

Case# 2019-00030-21 Docketed at Montgomery County Prothonotary on 02/13/2019 11:36 AM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

d.     A substantial amount of the information contained in Plaintiff's consumer file was compiled in this jurisdiction.  Therefore a substantial portion of the events or omissions leading up to this cause of action occurred in this jurisdiction.

e.     Defendant apparently mailed Plaintiff the consumer disclosures depicted in the attached exhibits from this Jurisdiction.  See attached exhibits which show a mailing address for Defendant in Woodlyn, PA which is located in this Jurisdiction.

f.     Plaintiff's attorney's fees in this fee shifting case, pursuant to 15 USC 1681n, occurred in this jurisdiction.  Therefore a substantial portion of the events giving rise  this cause of action occurred in this jurisdiction.

g.     Plaintiff's suffered, confusion, frustration and emotional distress which is recoverable pursuant to 15 USC 1681o as a result of Defendant's omissions. Therefore a substantial portion of the omissions giving rise this cause of action occurred in this jurisdiction.

51. Venue is proper in this jurisdiction because key witnesses involved in the case are located at or near this jurisdiction.  Such witnesses including but not limited to the following.

    a.      Plaintiff.

    b.      Similarly situated consumers in this jurisdiction whose rights were also violated by Defendant in a similar manner when such consumers requested information from Defendant about who had received their consumer reports, and Defendant also denied such consumers requests.  Such witnesses' testimonies are relevant to show willful conduct by Defendant.

## DAMAGES

52. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

53. Plaintiff believes and avers that Plaintiff is entitled to at least $1.00 actual damages for Plaintiff, including but not limited to phone, fax, stationary, postage, etc.

54. Plaintiff believes and avers that she is entitled to $1,000.00 statutory damages pursuant to 15 USC 1681 et. seq..

55. Plaintiff believes and avers that Defendant(s') conduct was willful, wanton, and intentional, and therefore Plaintiff requests punitive damages.

56. Plaintiff requests punitive damages against Defendant(s) in the amount to be determined by this Honorable Court.

57. For purposes of a default judgment, Plaintiff believes and avers that the amount of such punitive damages should be no less than $9,000.00 because Defendant(s') actions have the effect of potentially compromising the integrity and security of Plaintiff's personal information.

58. For purposes of a default judgment, Plaintiff believes and avers that the amount of such punitive damages should be no less than $9,000.00 because Defendant(s') actions had the effect of compromising the integrity of 15 USC 1681 et. seq.

59. Plaintiff believes and avers that punitive damages are warranted due to the willful and wanton nature of the violation as evidenced by the following.

    a.    Plaintiff's request letters specifically asked that Plaintiff's Social Security number be redacted, the request letters were in 14 point bold font.

    b.    Numerous other similarly situated consumers, totaling more than 10, were also subject to similar misconduct by Defendant. Their un-redacted Social Security numbers were also illegally printed by Defendant(s) in the same manner and under similar circumstances as with Plaintiff.

    c.    Plaintiff requested that Plaintiff's Social Security number be redacted on separate occasions, and Plaintiff's full Social Security number was subsequently unlawfully printed by Defendant on four occasions listed above.

    d.    Upon information and belief, at all relevant times mentioned in this Complaint Defendant had no policy in effect to redact the first five digits of Social Security number of consumers when asked by the consumers.

Case# 2019-00930-2 Docketed at Montgomery County Prothonotary on 02/13/2019 11:36 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the United Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## ATTORNEY FEES

60. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

61. Plaintiff is entitled to reasonable attorney fees pursuant to 15 USC 1681 et. seq.

62. Plaintiff believes and avers that the value of Plaintiff's attorney fees is no less than $350 per hour, or other amount determined by this Honorable Court.

63. Plaintiff believes and avers that the value of Plaintiff's attorney fees is no less than $1,750.00 at a rate of $350.00 per hour, enumerated below, or such other amount determined by this Honorable Court.

| | | |
|---|---|---|
| a. | Consultation with client and review of file | 1 |
| b. | Drafting, editing, review, filing and service of complaint and related documents | 2 |
| c. | Follow up contact with Defense and client | 2 |

6 x $350 = $1,750

64. Plaintiff's attorney fees continue to accrue as the case move forward.

65. The above stated attorney fees are for prosecuting this matter and reasonable follow up.

## OTHER RELIEF

66. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

67. Plaintiff seeks and Order from this Honorable Court, or other Court of competent jurisdiction, directing Defendant(s) to provide Plaintiff with her credit report once per year, free of charge.

68. Plaintiff requests a jury trial in this matter

69. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less than $11,751.00 as enumerated below.

$1.00 more or less actual damages.

$1,000.00 statutory damages pursuant to 15 USC 1681 et. seq.

$1,750.00 attorney fees

$9,000 punitive damages

_____

   $11,751

Plaintiff seeks such additional relief as the Court deems just and proper.

/s/ Vicki Piontek                    1-31-19
_____          _____
Vicki Piontek, Esquire               Date
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
Fax: 866-408-6735
palaw@justice.com

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

| | | |
|---|---|---|
| John Paul Thiessen | : | |
| c/o Vicki Piontek, Esquire | : | |
| 951 Allentown Road | : | |
| Lansdale, PA  19446 | : | 2019-00930 |
| Plaintiff | : | |
| v. | : | |
| TransUnion Rental Screening Solutions, Inc. | : | |
| 6430 South Fiddlers Green Circle, Suite 500 | : | Jury Trial Demanded |
| Greenwood Village, CO 80111 | : | |
| Defendant | : | |

### VERIFICATION

I, Paul Thiessen, have red the attached Complaint. The facts stated therein are true and

correct to the best of my knowledge, understanding and belief.

J. Paul Thiessen

Signature: *J. Paul B*
          J. Paul Thiessen (Feb 2, 2019)

Email: jptcontracting@gmail.com

Case# 2019-00930-2 Docketed at Montgomery County Prothonotary on 02/13/2019 11:36 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the United Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# Exhibit 1

Case# 2019-00930-2 Docketed at Montgomery County Prothonotary on 02/13/2019 11:36 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Sarah J. Iannozzi
2039 Canyon Creek Road
Gilbertsville, PA  19525
21▮▮▮▮▮▮▮▮

TransUnion Rental Screening Solutions, Inc.
6430 South Fiddlers Green Circle, Suite 500
Greenwood Village, CO 80111

RE:  Sarah J. Iannozzi        SSN: ▮▮▮▮▮▮▮        DOB: ▮▮▮▮▮▮▮

To Whom it May Concern:

I would like to request a free copy of my consumer report

I would like the name, address and telephone number of every person or entity to whom you provided a consumer report about me I the last 365 days.  This includes both users and end users.

**Please redact the first five digits of my Social Security number on my consumer disclosure.  Please do not print the first five digits of my Social Security number on my consumer disclosure.**

Enclosed please find a copy of my identification.

Thank you.

Sincerely,

Sarah J. Iannozz                    10-2-17
_____                    _____
Sarah J. Iannozz                      Date

Case# 2019-00530-2 Docketed at Montgomery County Prothonotary on 02/13/2019 11:36 AM, Fee = $0.00, The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# Exhibit 2

Case# 2019-00930-2 Docketed at Montgomery County Prothonotary on 02/13/2019 11:35 AM, Fee = 50.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the United Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



**TransUnion Rental Screening Solutions**
PO Box 800
Woodlyn, PA 19094



P7J9DP00I00106                                                                                              6/20/2017

Sarah Iannozzi
2039 Canyon Creek Road
Gilbertsville, PA 19525

Dear: Sarah Iannozzi

Your request for a copy of your consumer report was received on 6/18/2017. We have completed processing the details of your request.

Enclosed is a copy of your criminal and civil court history as possessed by TransUnion Rental Screening Solutions, LLC, a subsidiary of TransUnion, LLC. The criminal and civil court history enclosed was found matching your personal identifying information as of the date of this letter.

TransUnion Rental Screening Solutions, LLC does not retain continuous access to consumer credit reports. In order to receive a current, up-to-date copy of your consumer credit report, you must request a free copy of this report directly from the credit bureau(s). The contact information for all three bureaus (Experian, Equifax, and TransUnion) is listed below:

Equifax: 1-800-685-1111
Experian: 1-888-397-3742
TransUnion: 1-800-888-4213

Alternatively, you may also obtain a free copy of your consumer credit report from all three bureaus by accessing www.annualcreditreport.com.

All data provided by hereunder is intended solely for the customer who initially receives such data directly from TransUnion Rental Screening Solutions, Inc. and/or one of its subsidiaries or affiliates (collectively "TURSS"). TURSS DOES NOT GUARANTY OR WARRANT THE ACCURACY, CORRECTNESS, OR COMPLETENESS OF THE DATA. TURSS DELIVERS ALL DATA TO CUSTOMERS ON AN "AS IS" "AS AVAILABLE" BASIS WITHOUT ANY EXPRESS OR IMPLIED WARRANTY, GUARANTY, OR REPRESENTATION OF ANY KIND CONCERNING THE DATA ITSELF, ITS MERCHANTABILITY, OR ITS FITNESS FOR A PARTICULAR PURPOSE OR FUNCTION. TURSS SHALL NOT BE LIABLE IN ANY MANNER FOR ANY CLAIMS, LOSSES, EXPENSES OR DAMAGES OF WHATEVER KIND THAT MAY ARISE OUT OF OR RESULT FROM A CUSTOMER'S RELIANCE ON (OR USE OF) THE DATA PROVIDED BY TURSS, EVEN IF TURSS HAS BEEN ALERTED TO THE POSSIBILITY OF SUCH CLAIMS, LOSSES, EXPENSES OR DAMAGES. BY ACCESSING ANY SUCH DATA, THE CUSTOMER ACKNOWLEDGES AND AGREES THAT THE CUSTOMER HAS NOT RELIED ON ANYTHING THAT MAY BE INCONSISTENT WITH THIS LEGAL STATEMENT.

The information contained in this telecopy message is confidential and is intended for the exclusive use of the individual or entity named above and may contain information that is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error please immediately notify us by telephone to arrange its return. Thank you.

001/007

P7J9DP00I00106

Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. Such records that are filed shall comply with the provisions of the Public Access Policy of the Unified

# TransUnion | Background Data Solutions

**Criminal Report - Detailed Results**

Requested By: Mirza Escobar
Date/Time Requested: 6/20/2017 6:04:37 PM

Applicant Information Submitted
Name: Sarah Iannozzi
Date of Birth:
SSN:
Address: 2039 Canyon Creek
Road, Gilbertsville, PA, 19525



SARAH J IANNOZZI



SSN: N/A

Aliases
No aliases found

Physical Features
Physical Details
Sex: F        Race: Unknown

Person Physical Features
No physical features listed

Summary

Comments

The data or information provided is based upon information received by the Administrative Office of Pennsylvania Courts ("AOPC"). AOPC makes no representation as to the accuracy, completeness or utility, for any general or specific purpose, of the information provided and as such, assumes no liability for inaccurate or delayed data, errors or omissions. Use of this information is at your own risk. AOPC makes no representations regarding the identity of any persons whose names appear in the records. User should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained. Electronic case record information received from the Commonwealth of Pennsylvania is not an official case record; official case records are maintained by the court in which the record was filed.





# TransUnion